# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RONALD D. HARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1807 AGF |
| | ) | |
| TOM UNDERWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Ronald Harden for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such

relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff sued defendant's business in state court. See Harden v. Underwood Motors, Case No. 0922-SC00153-01 (City of St. Louis 2009). Plaintiff alleges that he agreed to a settlement with defendant, in which plaintiff agreed not to appear in court. Plaintiff says part of the settlement included an agreement that plaintiff would pay for repairs to his car and deduct that amount from the balance of the purchase price. Plaintiff claims that defendant subsequently appeared in court *ex parte* and lied to the judge. Plaintiff alleges that defendant is attempting to use the court "to defraud plaintiff of his monies and property." Plaintiff does not specify his damages. Plaintiff's only demand for relief is that the Court "stop defendant from attempting to 'use the courts' to further defraud" him.

**Discussion**

The complaint does not state a cause of action or basis for this Court's jurisdiction. This Court is without jurisdiction to enforce a state court's decision. See 28 U.S.C. § 1257; Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983). And an action to enforce a settlement agreement made in a state court proceeding sounds in state law only. As a result, the Court will dismiss this action as legally frivolous or for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or subject matter jurisdiction is lacking.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of September, 2010.

_/s/ Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE